UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PRIMERICA LIFE INSURANCE COMPANY          *
                                          *
          Plaintiff,                      *    Case No. 19-cv-5546
                                          *
DOLORES FORD COLEMAN,                     *
                                          *
          Defendant, et al.               *    Judge: Nitza Quinones Alejandro

### DEFENDANT, DOLORES FORD COLEMAN'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS TO INTERPLEADER COMPLAINT

1.    Ms. Coleman admits the allegation in paragraph 1.

2.    Ms. Coleman admits the allegation in part and denies in part.  The allegations are admitted except for the name "Dolores Ford Coleman" who was formerly known as "Dolores Ford Coleman" but who is presently known as Dolores R. Ford.

3.    Ms. Coleman admits the allegation in paragraph 3.

4.    Ms. Coleman admits the allegation in paragraph 4.

5.    Ms. Coleman admits the allegation in paragraph 5.

6.    Ms. Coleman admits the allegation in paragraph 6.

7.    Ms. Coleman admits the allegation in paragraph 7.

8.    Ms. Coleman admits the allegation in paragraph 8.

9.    Ms. Coleman admits the allegation in paragraph 9.

10.   Ms. Coleman admits the allegation in paragraph 10.

11.   Ms. Coleman admits the allegation in paragraph 11.

### JURSIDICTION

12.   Ms. Coleman admits the allegation in paragraph 12.

13.     Ms. Coleman admits the allegation in paragraph 13.

14.     Ms. Coleman admits the allegation in paragraph 14.

### VENUE

15.     Ms. Coleman admits the allegation in paragraph 15.

### BACKGROUND

16.     Ms. Coleman admits the allegation in paragraph 16.

17.     Ms. Coleman admits the allegation in paragraph 17.

18.     Ms. Coleman admits the allegation in paragraph 18.

19.     Ms. Coleman denies the allegations in paragraph 19. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

20.     Ms. Coleman denies the allegations in paragraph 20. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

21.     Ms. Coleman denies the allegations in paragraph 21. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

22.     Ms. Coleman denies the allegations in paragraph 22. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

23.     Ms. Coleman denies the allegations in paragraph 23. Further, after reasonable

investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

24.    Ms. Coleman admits the allegations in paragraph 24.

25.    Ms. Coleman admits the allegations in paragraph 25.

26.    Ms. Coleman denies the allegations in paragraph 26. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

27.    Ms. Coleman denies the allegations in paragraph 27. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

28.    Ms. Coleman admits the allegations in paragraph 28.

29.    Ms. Coleman denies the allegations in paragraph 29. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

30. The document speaks for itself.

31.    Ms. Coleman denies the allegations in paragraph 31. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

32.    Ms. Coleman denies the allegations in paragraph 32. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

33.    Ms. Coleman denies the allegations in paragraph 33. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

34.    Ms. Coleman denies the allegations in paragraph 34. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

35.    Ms. Coleman denies the allegations in paragraph 35. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

36.    Ms. Coleman denies the allegations in paragraph 36. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

37.    Ms. Coleman denies the allegations in paragraph 37. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

38.    Ms. Coleman denies the allegations in paragraph 38. Further, after reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

39.    Ms. Coleman admits the allegations in paragraph 39.

## FIRST AFFIRMATIVE DEFENSE

40.    Plaintiff is bound not to release the funds to the beneficiaries under the Multi-

Purpose Change form dated July 18, 2019 as Andrew J. Ford, Jr., ("Insured"), was subject to undue influence, duress, constraints and incapacity, at the time he allegedly signed the form dated July 18, 2019, which was one day before his death.

## SECOND AFFIRMATIVE DEFENSE

41.   Plaintiff is bound not to release the funds to the beneficiaries under the Multi-Purpose Change form dated July 18, 2019 as the signature on the form is not that of the Insured.

## THIRD AFFIRMATIVE DEFENSE

42.   Plaintiff is bound to release the finds to Dolores Ford Coleman a.k.a Dolores R. Ford, as she is the sole and rightful beneficiary as written in the designation form dated July 27, 1999.

## FOURTH AFFIRMATIVE DEFENSE

43.   Plaintiff is bound not to release the funds to the beneficiaries under the Multi-Purpose Change form dated July 18, 2019 due to mistake.  Ms. Coleman may introduce evidence of mistake regarding the change form which the insured purportedly signed.

## FIFTH AFFIRMATIVE DEFENSE

44.   Plaintiff is not entitled to attorney's fees or costs. Plaintiff had a duty under the terms of the policy to determine the proper beneficiary under the policy, however, instead of doing so seeks a determination by this Court.  Plaintiff is not entitled to shift the cost of making that determination onto Ms. Coleman by seeking attorney's fees or costs in this action.

## CROSS-CLAIMS

   **COMES NOW** Cross-Plaintiff/Defendant Dolores Ford Coleman, ("Ms. Coleman"), and for her Cross-Claims against Cross-Defendants Ford Memorial Temple, Inc., ("Ford Memorial"), Next Generation Fellowship Ministries, Inc., ("Next Generation"), Turay Memorial Funeral Chapel, Inc.,("Turay"), Syreeta

Lawrence, Drew Smith, Shanelle Ford, Andrew J. Ford, III, Britney Ford and North Carolina Mutual Financial, LLC, ("NCMF"), as follows:

Ms. Coleman incorporates herein her Answers to the Interpleader Complaint, her Affirmative Defenses as if restated in full and also asserts the following Cross-Claims:

## Jurisdiction, Parties and Venue

45.    This Cross-Claim arises out of the Interpleader Complaint of Primerica Life Insurance Company, ("Primerica"), and is properly before the Court by virtue of the Court's pendent jurisdiction under 28 U.S.C. 1332 and 1335.

46.    Ms. Coleman is a citizen of the State of New Jersey and is the named beneficiary of a life insurance policy which is subject to this litigation.

47.    Plaintiff, Primerica is a Tennessee corporation for purposes of 28 U.S.C. 1332.

48.    Cross-Defendants, Ford Memorial, Next Generation, Turay, Syreeta Lawrence, Drew Smith, Shanelle Ford, Andrew J. Ford, III, Britney Ford are all citizens of Pennsylvania for purposes of 28 U.S.C. 1332 and 1335.

## Factual Background

49.    Ms. Coleman is the sister of Andrew J. Ford, Jr., the insured and sole beneficiary of the Primerica Life insurance Policy No. 0432007528 as stated in Section 6 dated July 27, 1999.  (See Exhibit "A" Plaintiff's Complaint).

50.    Upon information and belief the insured was suffering from cancer as well as other complications prior to his death which required him to undergo medical treatment and hospitalization.

51.    Prior to his death the insured was hospitalized at Cooper Hospital in Camden, New Jersey.

52.    Upon information and belief the insured was undergoing various treatments for cancer and was taking pain medications before and during the course of his hospital stay.

53.    Upon information and belief family members and friends visited the insured within a week of his passing.

54.    During visits with family and friends the insured would intermittently lose consciousness.

55.    Regularly present in the insured's hospital room was Cheryl Whitt ("Whitt"), a long time companion of the insured and employee/administrator of Ford Memorial.

56.    Upon information and belief E. Malone Porterfield, ("Porterfield"), was present at various times in the insured's hospital room.

57.  Whitt and Porterfield were employed by Ford Memorial and Next Generation and maintained administrative authority for said entities.

58.    On July 18, 2019, one day before the insured's death, Syreeta Lawrence, the daughter of the insured, was asked by Whitt, to sign as a "witness" a particular "form" in the insured's hospital room. (See attached Exhibit "B" of Plaintiff's Complaint).

59.    Upon information and belief, both Whitt and Porterfield were acting in the interest of or as representatives, agents or employees of Ford Memorial, Next Generation and Turay respectively.

60.    Upon information and belief, both Whitt and Porterfield would benefit, directly or indirectly from the proceeds of the Primerica Life Insurance policy under the terms of the Multi-Purpose Change form dated July 18, 2019.

61.    Upon information and belief Whitt attempted to and may have improperly become an officer of Ford Memorial Temple after the death of the insured. (See attached Cross-Claimant's Exhibit "A").

62.    Upon information and belief Syreeta Lawrence was told by Whitt that the form dated July 18, 2019 was related to the payment of medical bills for the insured and that she must sign as this was for the benefit of her father.

63.    Upon information and belief, Syreeta Lawrence did not knowingly sign as a

"witness" the Multi-Purpose Change form dated July 18, 2019.

64.    Upon information and belief the form was signed one (1) day prior to the insured's death.

65.    Upon information and belief the insured did not knowingly sign the Multi-Purpose Change form.

66.    Upon information and belief the signature on the Multi-Purpose Change form dated July 18, 2019 was not that of the insured.

67.    Upon information and belief the insured was not the individual who signed the Multi-Purpose Change form dated July 18, 2019.

68.    Upon information and belief one (1) day before his death, the insured had a weakened intellect and lacked the capacity to understand the legal significance and ramifications of signing the Multi-Purpose Change form on July 18, 2019.

69.    The insured died on July 19, 2019 as a result of acute renal failure and cancer of the bile duct, (See attached Cross-Claimant's Exhibit "B").

70.    In late July 2019, after the insured died, Porterfield visited with members of the insured family.

71.    The visit by E. Malone Porterfield was at the decedent's home in Cherry Hill, New Jersey.

72.    Present at this meeting were members of the Ford family.

73.    At this meeting, Porterfield brought a handwritten list of names that were purportedly named beneficiaries designated by the insured.

74.    The names were presented by E. Malone Porterfield to Steven Ford, brother of the insured.

75.    The names written on the list were similar to the names stated on the Multi-Purpose Change form dated July 18, 2019, but also included the names of Cheryl Whitt, E. Malone Porterfield, Rodney Harrison, Bernard Lambert and Tiffany Bligen.

76.    Porterfield's presentation of a list of purported beneficiaries was a clear attempt

to manipulate the Ford family and Primerica.

77.     On or about August 25, 2019, Ms. Coleman submitted a claimant's statement to Primerica Life Insurance Company seeking payment under the terms of the policy numbered 0432007528. (See attached Exhibit "F" of Plaintiff's Complaint).

78.     On or about August 28, 2019, Cheryl Whitt on behalf of Ford Memorial submitted a claimant's statement to Primerica Life Insurance Company seeking payment under the terms of the policy numbered 0432007528. (See attached Exhibit "G" of Plaintiff's Complaint).

**CROSS-CLAIM COUNT I.**
**CROSS-CLAIM FOR DECLARATORY JUDGMENT THAT DEFENDANT DOLORES FORD COLEMAN IS ENTITLED TO THE PROCEEDS OF THE PRIMERICA LIFE INSURANCE POLICY AGAINST DEFENDANTS FORD MEMORIAL TEMPLE, INC., NEXT GENERATION FELLOWSHIP MINISTRIES, INC., TURAY MEMORIAL FUNERAL CHAPEL, INC., SYREETA LAWRENCE, DREW SMITH, SHANELLE FORD, ANDREW J. FORD, III, BRITNEY FORD AND NORTH CAROLINA MUTUAL FINANCIAL, LLC**

79.     Ms. Coleman is the sister of the insured and sole beneficiary of Primerica Life Insurance Policy No. 0432007528 as stated in Section 6 dated July 27, 1999.  (See Exhibit "A" Plaintiff's Complaint).

80.     The life insurance policy provides for payment to Ms. Coleman in the amount of Three Hundred Thousand Dollars ($300,000.00).

81.     The insured died on July 19, 2019.

82.     As the sole designated beneficiary, Ms. Coleman is entitled to the full proceeds of the policy.

**WHEREFORE**, cross-claimant prays for the following relief:

    A.  Declare that Ms. Coleman a.k.a. Dolores R. Ford is the sole beneficiary under the Primerica Policy No. known as No. 0432007528.

B.  Order Primerica Life Insurance Company to pay Ms. Coleman the full

amount of the policy along with interest, counsel fees and costs.

C.  Award such other relief as the Court deems equitable.

### CROSS-CLAIM COUNT II
### CROSS-CLAIM FOR UNDUE INFLUENCE, FRAUD, DURESS, MISTAKE, CONSTRAINTS AND INCAPCITY, AGAINST DEFENDANTS FORD MEMORIAL TEMPLE, INC., NEXT GENERATION FELLOWSHIP MINISTRIES, INC., TURAY MEMORIAL FUNERAL CHAPEL, INC., SYREETA LAWRENCE, DREW SMITH, SHANELLE FORD, ANDREW J. FORD, III, BRITNEY FORD AND NORTH CAROLINA MUTUAL FINANCIAL, LLC

83.  Cross-Defendants, Ford Memorial, Next Generation and Turay, by and through their agents, representatives, employees or administrators, were in a confidential relationship with the insured, Andrew J. Ford, Jr. at the time the insured allegedly signed the Multi-Purpose Change form dated July 18, 2019, which purported to name Cross-Defendants as his beneficiaries one day prior to the insured's death.

84.  Cross Defendants, Ford Memorial, Next Generation and Turay by way of their agents, representatives, employees or administrators, were dominant parties over the insured at the time the insured allegedly signed the Multi-Purpose Change form dated July 18, 2019, which purported to name said Cross-Defendants as his beneficiaries one day before the insured's death.

85.  Cross-Defendants, Ford Memorial, Next Generation and Turay, by and through their agents, representatives, employees or administrators, had controlling and overpowering influence over the insured at the time the insured signed the Multi-Purpose Change form which purported to name said Cross-Defendants as his beneficiaries one day before the insured's death.

86.  At the time the insured allegedly signed the Multi-Purpose Change form the

insured suffered from a weakened intellect caused by cancer, treatment for the cancer as well as the effects of pain and other medications.

87.     At the time the insured allegedly signed the Multi-Purpose Change form his mental capacity and intellect was so weakened by the cancer and the effects of the pain medication that he could not have understood the ramifications of his alleged actions.

88.     At the time the insured allegedly signed the Multi-Purpose Change form he was mistaken and/or mislead as to what document he was allegedly signing.

89.     At the time the insured allegedly signed the Multi-Purpose Change form dated July 18, 2019, the insured was acting under undue influence, duress and constraint.

90.     The undue influence of Cross-Defendants, Ford Memorial, Next Generation and Turay by and through Whitt and Porterfield restrained and/or prevented the insured from following his intended desire to have the proceeds of the policy distributed to Ms. Coleman and instead substituted the wishes of said Cross-Defendants.

91. Because of Cheryl Whitt's position as confidant to the insured as well as the administrator for Ford Temple, she was in a unique position to influence, dominate, control and orchestrate the signing of the Multi-Purpose Change form dated July 18, 2019.

92.   The signature on the Multi-Purpose Change form dated July 18, 2019 was not the signature of the insured Andrew J. Ford, Jr.

93.  The document presented by Cross Defendants dated July 18, 2019, purports to show the signature of the insured, however, the signature is not that of the insured.

94.  The Cross-Defendants, in particular Cheryl Whitt, knew that it was a false signature and/or that it was signed under duress or false pretenses and knowingly submitted the

form to Primerica thereby attempting to induce the Plaintiff to make payment under the terms of the policy.

95. In addition, Whitt's misrepresentation of the contents of the form induced Syreeta Lawrence into signing as a witness.

96.   The submission of the Multi-Purpose Change form submitted by Cross-Defendant Ford Memorial was a material factual misrepresentation; (2) made with knowledge or belief of its falsity; (3) with the intention that Primerica and/or Syreeta Lawrence relied thereon; (4) resulting in justifiable reliance to that party or parties to their detriment and is therefore a fraudulent representation.

   **WHEREFORE**, cross-claimant prays for the following relief:

A.  Order that the designation of Beneficiary form dated July 18, 2019 is void.

B.  Order a rescission of the designation of Beneficiary form dated July 18, 2019.

C.  Order that Dolores Ford Coleman, a.k.a. Delores R. Ford be paid the full amount of the Primerica Insurance Policy along with interest.

D.  Award costs, counsel fees and punitive damages against cross-defendants in an amount sufficient to deter similar conduct;

E.  Award such other relief as the Court deems equitable.

Respectfully submitted,

Seth P. Maltzman, Esquire (PA ID 51636)
Attorney for Defendant, Dolores Ford Coleman
401 East City Avenue, Suite 222
Bala Cynwyd, PA 19004
P. (610) 664-2022
F. (610) 667-3660
sethmaltzman@gmail.com

Dated: January 13, 2020

# EXHIBIT "A"

**PRUDENTIAL LIFE INSURANCE COMPANY**
Executive Offices: 3120 Breckinridge Blvd, Duluth, Ga. 30099-0001
**Application For Life Insurance**

**1. PROPOSED PRIMARY INSURED**
Print Name: FORD    JR    ANDREW

Social Security Number: ▇▇▇    Date of Birth: ▇▇▇    Nearest Age:

Married ☒  Single ☐   Male ☒  Female ☐   Driver's License No./State:

Day Telephone No.: ▇▇▇    Night Telephone No.: ▇▇▇

Birthplace - State: PA    Country: USA

**2. RESIDENCE ADDRESS**
Street: 403 J. GERMANTOWN AVE    Apt. Number:
City, State, Zip Code: Phila    PA 19140    Yrs. at Address:

**3. BUSINESS INFORMATION**
Insured's Occupation: Clergy    Gross Monthly Earnings: 500.0
Employer Name: Ford Memorial Temple    Time Employed: Yrs 0.7 M
Business Address: SAME
City, State, Zip Code:

**4. LIFE INSURANCE PLAN & AMOUNTS - ENTRY APPROPRIATE DATA**

Primary Insured: ☐ Preferred ☒ Non-Tobacco ☐ Tobacco
☐ Term 10 $
☒ Term 20 $ 300,000.00
☐ T 25 Mod $
☐ T 25 Level $
☐ Other $
☒ Waiver of Premium  Not Available After Age 55.

Primary Rider:
☐ Term 10 $
☐ Term 15 $
☐ Term 20 $
☐ T 25 Level $
☐ Other $
Increasing Benefit Rider ☐ 5% ☐ 10% Not Available After Age 55

Spouse Rider: ☐ Preferred ☐ Non-Tobacco
☐ Term 10 $
☐ Term 15 $
☐ Term 20 $
☐ T 25 Level $
☐ Other $
Child Rider Units: (Maximum 25 Units)

**5. REPLACEMENT**
Has or will any existing individual Life Insurance or Annuities be replaced or changed... ☐ Yes ☒ No

Amount With Application $ 145.83

APP0432007528

PLA-60 PA

**6. BENEFICIARIES** - THE BENEFICIARY FOR ANY SPOUSE OR CHILD RIDER WILL BE THE PRIMARY INSURED, UNLESS OTHERWISE LISTED UNDER "SPE
BENEFICIARIES TO SHARE EQUALLY UNLESS OTHERWISE SPECIFIED                IF THIS IS AN IRREVOCABLE BENEFI

| List Primary Beneficiaries | Relationship to Insured | Social |
|---|---|---|
| Delores Eaton Coleman | Sister | |
| | | |

| List Contingent Beneficiaries | Relationship to Insured | Social |
|---|---|---|
| | | |
| | | |

**7. SPOUSE INFORMATION**

Print Name: _____ Last _____ First

Social Security Number: _____ Date of Birth: _____

Married ☑  Single ☐  Male ☐  Female ☐  Driver's License No./State: _____

Birthplace - State: _____  Country: _____

**8. SPOUSE'S ADDRESS - (IF DIFFERENT FROM PROPOSED PRIMARY INSURED)**

Street: _____ Apt. Number

City, State, Zip Code: _____ Yrs.

**9. SPOUSE BUSINESS INFORMATION**

Spouse's Occupation: _____ Gross Monthly Earnings:

Employer Name: _____ Time Employed: Yrs.

City, State, Zip Code: _____

**10. CHILD RIDER INFORMATION**

| Full Names of Children Proposed for Insurance | Resides with Primary (Yes/No) | Sex | Relationship to Primary Insured (Son, Daughter, stepchild, etc.) | Date of Birth Mo. / Day / Yr. | Height Ft. In | Weight Lbs. |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**11. OWNER (IF OTHER THAN PRIMARY INSURED)**

Print Name: _____ Last _____ First

Social Security Number: _____  Relationship to Insured: _____

Day Telephone No.: _____  Night Telephone No.: _____

Address: _____

City, State, Zip Code: _____

If the Individual Owner dies, who is to own Policy? _____  Relationship to Insured: _____

PLA-80 PA                              Page 2

Each signer of this application hereby declares that the foregoing statements and answers, are true and complete to the best of my/our knowledge and belief. It is also agreed as follows: (1) that any agent of the Company nor any broker is in any continuation hereof, shall be part of the application and shall form the basis of any contract provided in the "Conditional Premium Receipt", the insurance hereunder applied for shall not the policy is issued and delivered to the Owner while the health, habits and occupation of application; (3) that if the Company should issue a Policy different from that applied for, the application; such amendment shall be in writing and signed by the Proposed Insured and Ow such amendment must be received by the Company before the Policy can become effective; and (4) no agent of the Company nor any broker is authorized to make or modify contracts or waive any of the Company's rights or requirements. It is further understood and agreed that (1) issuance of any Policy pursuant to this application and any application supplements is made in consideration of payment of the proper premium amount for the correct premium class of each person insured; (2) our determination of the premium class rules on true and complete answers to the questions in this application and any application supplements, including SPECIFICALLY any questions regarding tobacco use; and (3) if within 2 years of the Policy Date should said answers be determined to be materially misstated, the Policy is subject to be rendered void in accordance with applicable law. I/We hereby acknowledge that I/We have read and I/We understand the terms of this Application Agreement, as evidenced by my/our signature below. Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, and subjects such person to criminal and civil penalties.

**CONDITIONAL PREMIUM RECEIPT?**

I/We understand and agree that no insurance will be in effect before a Policy is issued and delivered unless all of the Conditions below are met. If all Conditions are met and my/our death occurs before the delivery date of the Policy, then there shall be coverage, but only in accordance with the provisions of this Receipt and any Policy provisions not in conflict with it.
CONDITIONS FOR COVERAGE - 1) All information given by me/us in the application must be true and complete to the best of my/our knowledge and belief; 2) The Company must find the person(s) to be insured to be (a) standard risk(s) for the Policy applied for according to the Company's underwriting rules; 3) All items requested by the Company concerning my/our insurability must have been received by the Company. Such items may include, but are not limited to, medical examinations, saliva, blood and/or urine studies, attending physician's statements (APS) and electrocardiograms (EKG); 4) A least one monthly premium for the Policy applied for must be paid with the application, but not to exceed the amount of premium required for $500,000 of coverage per insured life.
EFFECTIVE DATE OF COVERAGE - Any coverage under this Receipt will become effective on the latest of the following: 1) Application Date; 2) Receipt of results of all test and exams required by the Company in connection with the Application; 3) Date the Company receives all other information requested.
LIMITS OF COVERAGE - The amount applied for and for which premium has been paid, but not to exceed $500,000 of coverage per insured life applied for under this Application.
I/We hereby acknowledge that I/We have read and I/We understand the conditional coverage under this receipt and as evidenced by my/our signature below, understand these conditions cannot be changed by any agent of the Company.

Dated at: _____ Phila, PA. _____ on _07 27 1999_
                City & State

X _____          X _Andrew J. Ford Jr_
Signature of Owner (if other than Proposed Primary Insured)     Signature of Proposed Primary Insured (or Parent of Minor Child)

X _____          X _____
Signature of Children over the age of 18 (if to be insured)     Signature of Spouse (if to be insured)

**UNDERWRITING AUTHORIZATION TO OBTAIN AND DISCLOSE INFORMATION**
**PRIMERICA LIFE INSURANCE COMPANY**, Executive Offices: 3120 Breckinridge Boulevard, Duluth, Georgia 30099-0001

I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medically related facility, Veteran's Administration or government facility, insurance company, the Medical Information Bureau or other organization, institution or person having any records or knowledge about me to provide to Primerica Life Insurance Company, and its reinsurers any such medical or personal information, and to testify as to such information, all to the extent permitted by law. As part of the Company's regular underwriting procedure, an investigative consumer report may be obtained which will contain personal information concerning an individual's character, habits, general reputation, personal characteristics and mode of living, except as may be related directly or indirectly to your sexual orientation. This information may be obtained through personal interviews with my neighbors, friends, associates and acquaintances. Medical Information includes the diagnosis, treatment and prognosis with respect to any physical or mental condition, as well as the use of drugs or alcohol. Although the Company maintains confidentiality of information obtained, the Company may disclose information to the MIB, and in certain circumstances be required by a law enforcement or governmental agency to furnish information to others without my prior authorization. In the event that a report is obtained, I undertand that I may request to be interviewed in connection with the preparation of the report. Upon written request to the Company at the address listed above, further detailed information on the nature and scope of the report will be provided. I understand that the information obtained by use of this Authorization will be to determine eligibility for insurance. I know that I or my legal representative may request to receive a copy of this Authorization. A photographic copy of this Authorization shall be as valid as the original and will be valid for two and one half (2 1/2) years from the date this Application was signed. Because our affiliates may be able to offer other valuable products and services that you may need, Primerica Life Insurance Company may share (unless you check the box(es) below) information we have received in connection with your application, including information from any consumer reports. Check the following box(es) if you do **not** want information shared with our affiliates. ☐ Proposed primary insured ☐ Proposed spouse insured, if any.

Date: _7/27/99_

Print Name of the Proposed Primary Insured (or Parent of Minor Child) _____

Print Name of Spouse (if to be insured) _____

X _Andrew J. Ford Jr_                          X _____
Signature of Proposed Primary Insured or Parent of Minor Child     Signature of Spouse (if to be insured)

PLA-80 PA                    Page 8                    3.96

# EXHIBIT "B"

 **PRIMERICA**

**Primerica Life Insurance Company**
Executive Office: 1 Primerica Parkway
Duluth, Georgia 30099-0001
1-800-257-4725 · Personal RVP Line 1-800-737-5596
Access your policy at myprimerica.com

## MULTIPURPOSE CHANGE FORM

All needed signatures must be completed from the reverse side of this document

### POLICY OWNER ADDRESS CHANGE

Policy Owner: *Andrew J Ford Jr.*

New Address: *4031-37 germantown ave*

City: *Philadelphia*   State: *PA*   ZIP Code: *19140*

Policy Number: *0432007528*

| Day Phone Number | Home | Work | Other | | Evening Phone Number | Home | Work | Other |
|---|---|---|---|---|---|---|---|---|

### NAME CHANGE   Use only when current policyowner or insured(s) has legally changed his/her name.

|  | Policy Owner | Primary Insured | Insured Spouse | Other Insured | Child |
|---|---|---|---|---|---|
| Prior Name (First, Middle, Last) | | | | | |
| New Name (First, Middle, Last) | | | | | |

Reason for Change (Marriage, Court Order, etc.)

### TRANSFER OWNERSHIP

I, _____, the owner of Policy # _____ issued on the life of
       *Name of Present Owner*

_____ transfer ownership of said Policy, along with all rights, title and interest in said Policy to:

New Owner (First, Middle, Last)

**NEW OWNER MUST COMPLETE THE FOLLOWING**

Date of Birth    Social Security Number    Relationship to Insured

| Day Phone Number | Home | Work | Other | | Evening Phone Number | Home | Work | Other |
|---|---|---|---|---|---|---|---|---|

Address

City _____ State _____ ZIP Code _____

**OVER**

PLA-83 REV 3

05.14

BankofAmerica-East4a 7/19/2019 11:35:17 AM PAGE 3/003 888-294-5658

*Policy #0432007528*

## CHANGE BENEFICIARY

If a group is named as beneficiary, you must name each individual of this group.
IF A MINOR (below the age of 18) IS LISTED BELOW, PLEASE UNDERSTAND THAT A FINANCIAL GUARDIANSHIP FOR
THE MINOR'S ESTATE WILL BE REQUIRED BEFORE POLICY PROCEEDS CAN BE RELEASED.

**PRINCIPAL BENEFICIARY** Principal Beneficiaries in equal shares to the survivor(s), unless otherwise directed under percentage/amt. column.

| | Name (First, Middle, Last) | | Social Security Number | Percentage or Amount |
|---|---|---|---|---|
| 1. | FORD memorial Temple | | | $215,000 |
| | Date of Birth | Relationship to Insured | Street Address, City, State, ZIP | |
| | | | 4031 Germantown Ave, Phila, PA 19140 | |
| 2. | Next Generation Fellowship | | Social Security Number | Percentage or Amount $10,000 |
| | Date of Birth | Relationship to Insured | Street Address, City, State, ZIP | |
| | | | 4031 Germantown Ave, Phila, PA 19140 | |
| 3. | Turay Funeral Home | | Social Security Number | Percentage or Amount $50,000 |
| | Date of Birth | Relationship to Insured | Street Address, City, State, ZIP | |
| | | | 2534 N. 22nd St, Phila, PA 19132 | |
| 4. | Svretta Lawrence | | Social Security Number | Percentage or Amount $5,000 |
| | Date of Birth | Relationship to Insured | Street Address, City, State, ZIP | |

**CONTINGENT BENEFICIARY** Contingent Beneficiaries in equal shares to the survivor(s), unless otherwise directed under percentage/amt. column.

| | Name (First, Middle, Last) | | Social Security Number | Percentage or Amount |
|---|---|---|---|---|
| 1. | | | | |
| | Date of Birth | Relationship to Insured | Street Address, City, State, ZIP | |
| 2. | | | Social Security Number | Percentage or Amount |
| | Date of Birth | Relationship to Insured | Street Address, City, State, ZIP | |

**SPOUSE RIDER BENEFICIARY**

| | Name (First, Middle, Last) | | Social Security Number | Percentage or Amount |
|---|---|---|---|---|
| 1. | | | | |
| | Date of Birth | Relationship to Insured | Street Address, City, State, ZIP | |

**SPOUSE CONTINGENT BENEFICIARY**

| | Name (First, Middle, Last) | | Social Security Number | Percentage or Amount |
|---|---|---|---|---|
| 1. | | | | |
| | Date of Birth | Relationship to Insured | Street Address, City, State, ZIP | |

**OTHER MISCELLANEOUS CHANGES** Drew Smith ($5,000) Five Thousand
Chanelle Ford ($5,000) Five Thousand
Andrew J. Ford III ($5,000) Five Thousand
Britney Ford ($5,000) Five Thousand

AUTHORIZATION FOR CHANGES

| | | |
|---|---|---|
| X _(signature)_ | 7-18-19 | X _(signature)_ 7-18-19 |
| Signature of Current Policy Owner | Date | Signature of Primary Insured |
| X N/a | | X N/a |
| Signature of New Policy Owner, if applicable | Date | |
| X | | X Svretta Lawrence 7/18/19 |
| Signature of Irrevocable Beneficiary, if any | Date | Signature of Witness or Agent: & Solution # Date |

PLA-83 REV 3

05.14

# EXHIBIT "F"

# PRIMERICA LIFE INSURANCE COMPANY

EXECUTIVE OFFICE: 1 Primerica Parkway • Duluth, Georgia 30099-0001

## CLAIMANT'S STATEMENT

| FOR ASSISTANCE CALL TOLL-FREE 1-888-893-9055 |

0432007528

*Please Attach a Certified Death Certificate*

Please show all names the deceased was known by, including full name, maiden name, hyphenated name, nickname, derivative form of first and/or middle name, or any alias.

1. Deceased's Name in Full  Andrew James Ford, Jr.

2. Policy Numbers  #0432OOM528

3. Deceased's Birth Date  ███████████     Source from which Birth Date Obtained  Family Record
   *Birth Certificate, Family Record, Other Record*

4. Residence of Deceased at Death  13 Woodbury Drive  Cherry Hill NJ 08003
   *Street Address*                                   *City    State   Zip*

5. Date of Death  7-19-2019      Place of Death  Cooper Hospital University Medical Center

6. Cause of Death  ██████████████    7. Your relationship to the Deceased  Sister

8. Employer of Deceased  Ford Memorial Temple Inc.  Deceased's Occupation  Pastor

9. If deceased has insurance with other companies, list names of companies and amounts below:

| Names of Companies | Amounts |
|---|---|
| N/A | |

10. Marital Status of Deceased  Widowed   Spouse's Name  Deceased

Children of Deceased  Andrew James Ford III  Spouse's Address
Syreeta Ford-Lawrence, Shanelle Ford

*The furnishing of this form or its acceptance by the Company must not be construed as an admission of any liability on the part of the Company, nor a waiver of any of the conditions of the insurance contract.*

The **Claimant Information** on the reverse side *must* be filled out completely in order to avoid any delay.

PLA-0801                                      1

80011 03.13

# CLAIMANT INFORMATION

**The information in this section must pertain to the Claimant (the beneficiary).**
*Please read carefully. Please print or type and complete in full. This form must be signed and notarized.*

Claimant's Full Name: DOLORES RENEE FORD

Date of Birth: ▮▮▮▮▮▮▮        Social Security No. or Tax Id.: ▮▮▮▮▮▮▮

• Individual - Claimant's Social Security Number    • Estate Tax Id Number
• Guardian - Child's Social Security Number          • Trust Tax Id Number

Permanent Address: 13 Woodbury Drive
*(Number, Street and Apt. or Suite no. -- Do not send P.O. Box or in-care-of address)*

Cherry Hill          NJ        08003
*City                          State        Zip Code*

Mailing Address:
*(if different than above)*

Home Phone ▮▮▮▮▮▮▮   Work Phone ▮▮▮▮▮▮▮   Cell Phone: ▮▮▮▮▮▮▮
*Area Code  Phone Number    Area Code  Phone Number    Area Code  Phone Number*

*Please select your method of payment by marking the appropriate box below:*

☐ Primerica Estate Account    ☑ Check    ☐ Settlement Option # _____ (Refer to the Claim Instructions and the policy)

Please be sure to review the payment method information found in the Claim Instructions on page 1 and the "Terms and Conditions" of the Primerica Estate Account Agreement on page 1A. Your signature below confirms acceptance of the Primerica Estate Account Agreement if chosen above.

Under the penalties of perjury, I certify that:
1. The number shown on this form is my correct taxpayer identification number; and
2. I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of failure to report interest or dividends, or (c) that the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. person (including a U.S. resident alien).

Certification Instructions. -- You must cross out item 2 if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return.

"Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties."

*I certify that all answers on this form are correct and true.*

Signature of Claimant  x  *Dolores R. Ford*
*(See 'Important Reminders' on Page 1, 'Claim Instructions)*

Subscribed and sworn to before me this  25  Day of  August  19

Signature of Notary Public  x  *Alex Salvano*

ALEXANDER SALVANO
Notary Public - State of New Jersey
My Commission Expires Mar 31, 2022

PLA-8801                                        2

86012 06.11

# EXHIBIT "G"

# PRIMERICA LIFE INSURANCE COMPANY

EXECUTIVE OFFICE: 1 Primerica Parkway • Duluth, Georgia 30099-0001

## CLAIMANT'S STATEMENT

FOR ASSISTANCE
CALL TOLL-FREE
1-888-893-9858

0432007528

---

*Please Attach a Certified Death Certificate*

---

*Please show all names the deceased was known by, including full name, maiden name, hyphenated name, nickname, derivative form of first and/or middle name, or any alias.*

1. Deceased's Name in Full _____ *Andrew J. Ford Jr.*

2. Policy Numbers _____ *0432007528*

3. Deceased's Birth Date ▮▮▮▮▮▮  Source from which Birth Date Obtained *drivers license*
   Birth Certificate, Family Record, Other Record

4. Residence of Deceased at Death *13 Woodbury Court Cherry Hill, NJ*
   Street Address _____ City _____ State _____ Zip

5. Date of Death *7/19/19*  Place of Death *Camden, NJ*

6. Cause of Death ▮▮▮▮▮▮  7. Your relationship to the Deceased *Employee*

8. Employer of Deceased *Ford memorial Temple*  Deceased's Occupation *Pastor*

9. If deceased has insurance with other companies, list names of companies and amounts below:

   | Names of | | Amounts |
   |---|---|---|
   | *N/a* | **CFM0432007528** | *N/a* |

10. Marital Status of Deceased *Widower*  Spouse's Name *Jean Ford*

    Children of Deceased *Shanelle Ford*  Spouse's Address _____
    *Andrew J Ford III; Syretta Lawrence*

*The furnishing of this form or its acceptance by the Company must not be construed as an admission of any liability on the part of the Company, nor a waiver of any of the conditions of the insurance contract.*

The **Claimant Information** on the reverse side *must* be filled out completely in order to avoid any dela

# CLAIMANT INFORMATION

The information in this section must pertain to the Claimant (the beneficiary).
*Please read carefully. Please print or type and complete in full. This form must be signed and notarized.*

Claimant's Full Name: *FORD MEMORIAL Temple*

Date of Birth: _____  Social Security No. or Tax Id.: ████████████

• Individual - Claimant's Social Security Number    • Estate Tax Id Number<br>• Guardian - Child's Social Security Number    • Trust Tax Id Number

Permanent Address: *4031 Germantown Ave*
(Number, Street, and Apt. or Suite no. – Do not use a P.O. Box or in-care-of address)

*Philadelphia*      *PA*      *19140*
City          State      Zip Code

Mailing Address: *Same as above*
(if different than above)

City        State      Zip Code

Home Phone: ( ___ ) _____  Work Phone ████████████  Cell Phone: ( ___ ) _____
Area Code   Phone Number                       Area Code   Phone Number

---

*Please select your method of payment by marking the appropriate box below:*

☐ Primerica Estate Account ☑ Check ☐ Settlement Option # _____ (Refer to the Claim Instructions and the policy)

Please be sure to review the payment method information found in the Claim Instructions on page 1 and the "Terms and Conditions" of the Primerica Estate Account Agreement on page 1A. Your signature below confirms acceptance of the Primerica Estate Account Agreement if chosen above.

---

Under the penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number; and
2. I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of failure to report interest or dividends, or (c) that the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. person (including a U.S. resident alien).

Certification Instructions. -- You must cross out item 2 if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return.

"Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties."

*I certify that all answers on this form are correct and true.*

Signature of Claimant  X  *Cheryl Shirk*
(See "Important Reminders" on Page 1, "Claim Instructions")

Subscribed and sworn to before me this *28TH* Day _____, 20 *19*

Commonwealth of Pennsylvania - Notary Seal
Sharloma Foster, Notary Public
Philadelphia County
My commission expires December 31, 2022
Commission number 1343987

Signature of Notary Public  X  *S. Fost*

SEP 0 3 2019

# Cross-Claimant's Exhibit A

Entity# : 2866458
Date Filed : 07/19/2019
Pennsylvania Department of State

PENNSYLVANIA DEPARTMENT OF STATE
BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS

Annual Statement-Nonprofit Corporation
(15 Pa.C.S. § 5110)

| Name | | | Document will be returned to the name and address you enter to the left. |
|---|---|---|---|
| April Everett | | | |
| Address | | | |
| | | | |
| City | State | Zip Code | |
| King of Prussia | PA | 19406 | |

Fee: $0.00

In compliance with the requirements of 15 Pa.C.S. § 5110 (relating to annual report), the undersigned domestic or qualified foreign nonprofit corporation, hereby states that:

1. The name of the corporation is:

   FORD MEMORIAL TEMPLE, INC.

2. The address of its principal office is:

   | 4031-4037 Germantown Ave | Philadelphia | PA | 19140 | Philadelphia |
   |---|---|---|---|---|
   | Number and street | City | State | Zip | County |

3. The names and title of the persons who are its principal officers are:

   | Names | | Titles |
   |---|---|---|
   | Andrew Ford | | President |
   | Cheryl Whitt | | Secretary |
   | Patricia Roman | | Treasurer |

IN TESTIMONY WHEREOF, the undersigned corporation has caused this Annual Statement to be signed by a duly authorized officer thereof this

12 day of July , 2019 .

FORD MEMORIAL TEMPLE, INC.                    Patricia Roman
Name of Corporation                                  Signature

                                                     Treasurer
                                                     Title

PENN File: July 19, 2019

Business Entity

Page 1 of 2



# Corporations

Corporations | Forms | Contact Corporations | Business Services

Search
By Business Name
By Business Entity ID
Verify
Verify Certification

**Business Entity Filing History**
Date: 2/8/2007
(Select the link above to view the Business Entity's Filing History)

## Business Name History

| Name | Name Type |
|------|-----------|
| FORD MEMORIAL TEMPLE, INC. | Current Name |

### Non-Profit (Non Stock) - Domestic - Information

| | |
|---|---|
| Entity Number: | 2866458 |
| Status: | Active |
| Entity Creation Date: | 3/15/1999 10:33:51 AM |
| State of Business.: | PA |
| Principal Office Address: | % ANDREW J FORD JR<br>4031-37 GERMANTOWN AVE<br>PHILADELPHIA PA 19140-0 |
| Mailing Address: | No Address |

## Officers

| | |
|---|---|
| Name: | **ANDREW J FORD JR** |
| Title: | **President** |
| Address: | 4031-37 GERMANTOWN AVE<br>PO BOX 9760<br>PHILADELPHIA PA 19140-0 |

| | |
|---|---|
| Name: | **DOLORES R COLEMAN** |
| Title: | **Secretary** |
| Address: | 4031-37 GERMANTOWN AVE<br>PO BOX 9760<br>PHILADELPHIA PA 19140-0 |

| | |
|---|---|
| Name: | **PATRICIA A ROMAN** |
| Title: | **Treasurer** |
| Address: | 4031-37 GERMANTOWN AVE<br>PO BOX 9760<br>PHILADELPHIA PA 19140-0 |

Home | Site Map | Site Feedback | View as Text Only | Employment

# Cross-Claimant's Exhibit B

# STATE OF NEW JERSEY

NEW JERSEY DEPARTMENT OF HEALTH

## CERTIFICATE OF DEATH

B0009119185

STATE FILE NUMBER

2019041645

| 1a. Legal Name of Decedent *(First, Middle, Last, Suffix)* | | | | |
|---|---|---|---|---|
| **Andrew James Ford, Jr.** | | | | LIMB ONLY ☐ |

1b. Also Known As (AKA), if Any *(First, Middle, Last, Suffix)*

| 2. Sex | 3. Social Security Number | | 4a. Age | 5. Date of Birth *(Mo/Day/Yr)* |
|---|---|---|---|---|
| Male | ▉ | | 68 Years | ▉ |

| 6. Birthplace *(City & State/Foreign Country)* | | | | |
|---|---|---|---|---|
| Philadelphia, Pennsylvania | | | | |

| 7a. Residence-State | 7b. County | 7c. Municipality/City | | |
|---|---|---|---|---|
| New Jersey | Camden | Cherry Hill Township | | |

| 7d. Street and Number | | 7e. Apt No. | 7f. Zip Code | 7g. Inside City Limits? |
|---|---|---|---|---|
| 13 Woodbury Drive | | | 08003 | Yes |

| 8a. Ever in US Armed Forces? | 8b. If Yes, Name of War: | | 8c. War Service Dates (From/To): | |
|---|---|---|---|---|
| No | | | | |

| 9. Domestic Status at Time of Death | 10. Name of Surviving Spouse/Partner *(Name given at birth or on birth certificate)* |
|---|---|
| Widowed | |

| 11. Father's Name *(First, Middle, Last)* |
|---|
| Andrew Ford |

| 12. Mother's Name Prior to First Marriage *(First, Middle, Last)* |
|---|
| Elrita Coaxum |

| 13a. Name of Informant | 13b. Relationship to Decedent |
|---|---|
| Syresta Lawrence | Daughter |

| 13c. Mailing Address *(Street and Number, City, State, Zip Code)* |
|---|
| 6261 Marschon Street, Philadelphia, PA 19149 |

| 14. Method of Disposition | 15. Place of Disposition *(name of cemetery, crematory, other)* | 16. Location- City & State/Foreign Country |
|---|---|---|
| Burial | Ivy Hill Cemetery | Philadelphia, Pennsylvania United States |

| 17. Name and Complete Address of Funeral Facility |
|---|
| Turay Memorial Funeral Chapel, Inc., 2534 N. 22nd Street, Philadelphia PA 19132 |

| 18. Electronic Signature of Funeral Director | 19. NJ License Number |
|---|---|
| *Pamela M Dabney* | 23JP00412500 |

| 20. Decedent Education | 21. Decedent of Hispanic Origin? | 22. Decedent Race |
|---|---|---|
| Associate degree (AA, AS) | Not Spanish / Hispanic / Latino | Black or African American |

| 23. Occupation of Decedent *(Type of work done most of life, even if retired)* | 24. Kind of Business/Industry |
|---|---|
| Pastor | Religion |

| 25. Name and Address of Last Employer |
|---|
| Ford Memorial Temple, 4031 Germantown Ave, Philadelphia, PA 19140 |

| 26. Date Pronounced Dead *(Mo/Day/Yr)* | 28. Name of Person Pronouncing Death |
|---|---|
| 07/19/2019 | *Sunil Ramaswamy* |

| 27. Time Pronounced Dead (24-hr) | 29. License Number | 30. Date Signed *(Mo/Day/Yr)* |
|---|---|---|
| 1217 | 25MA10595400 | 07/19/2019 |

| 31. Date of Death *(Mo/Day/Yr)* | 32. Time of Death (24-hr) | 33. Was Medical Examiner Contacted? | 34. Place of Death |
|---|---|---|---|
| 07/19/2019 | 1217 | No | Hospital: Inpatient |

| 35a. Facility Name *(If not institution, give street and number)* |
|---|
| Cooper Hospital/University Medical Center |

| 35b. Municipality | 35c. County |
|---|---|
| Camden City | Camden |

| CAUSE OF DEATH: | 36a. PART I - IMMEDIATE CAUSE - final disease or condition resulting in death; Subsequently list conditions, if any; leading to the cause listed on Line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST: | |
|---|---|---|
| Immediate Cause | | Interval Between Onset and Death |
| a. ▉ | | Few days |
| Due to (or as a consequence of): | | |
| b. ▉ | | few days |
| Due to (or as a consequence of): | | |
| c. | | |
| Due to (or as a consequence of): | | |
| d. | | |

| 36b. PART II - Enter other significant conditions contributing to death but not resulting in underlying cause given in PART I. | 37. Was an Autopsy Performed? |
|---|---|
| | No |
| | 38. Were Autopsy Findings Available to Complete Cause of Death? |
| ▉ | Not Applicable |

| 39. Date of Injury *(Mo/Day/Yr)* | 40. Time of Injury (24-hr) | 41. Place of Injury *(e.g. home, construction site, restaurant)* | 42. Injury at work? |
|---|---|---|---|
| | | | |

| 43a. Location of Injury *(Number and Street, Zip Code)* | 43b. Municipality | 43c. County | 43d. State |
|---|---|---|---|
| | | | |

| 44. Describe How Injury Occurred | 45. If Transportation Injury: |
|---|---|
| | |

| 46. Manner of Death | 47. Did Decedent Have Diabetes? | 48. Did Tobacco Use Contribute to Death? | 49. If Female, Pregnancy State |
|---|---|---|---|
| Natural | Yes | Unknown | Not applicable |

| 50. Certifier Type | 51. Name, Address, and Zip Code of Certifier |
|---|---|
| Pronouncer and Certifier | Sunil Ramaswamy<br>1 COOPER PLAZA Dorrance 222, Camden, NJ 08103 |

| 52. Electronic Signature of Certifier | 53. License Number | 54. Date Certified *(Mo/Day/Yr)* |
|---|---|---|
| *Sunil Ramaswamy* | 25MA10595400 | 07/19/2019 |

| 55. Electronic Signature of Local Registrar | 56. District No. | 57. Date Received | Case ID Number |
|---|---|---|---|
| *Jazmin Rodriguez* | V0417 | 07/26/2019 | 2105158 |

Record Contains Amendment ☐

THIS DOCUMENT CONTAINS A UNIQUE STATE OF NJ WATERMARK HOLD AT LIGHT TO VERIFY

DATE ISSUED: *August 05, 2019*

| 13. Mailing Address (Street and Number, City, State, Zip Code) | | | |
|---|---|---|---|
| 6281 Marschon Street, Philadelphia, PA 19149 | | | |

| 14. Method of Disposition | 15. Place of Disposition (name of cemetery, crematory, other) | | 16. Location- City & State/Foreign Country |
|---|---|---|---|
| Burial | Ivy Hill Cemetery | | Philadelphia, Pennsylvania United States |

**17. Name and Complete Address of Funeral Facility**
Turay Memorial Funeral Chapel, Inc., 2534 N. 22nd Street, Philadelphia PA 19132

| 18. Electronic Signature of Funeral Director | 19. NJ License Number |
|---|---|
| *Pamela M Dabney* | 23JP00412500 |

| 20. Decedent Education | 21. Decedent of Hispanic Origin? | 22. Decedent Race |
|---|---|---|
| Associate degree (AA, AS) | Not Spanish / Hispanic / Latino | Black or African American |

| 23. Occupation of Decedent (Type of work done most of life, even if retired) | 24. Kind of Business/Industry |
|---|---|
| Pastor | Religion |

**25. Name and Address of Last Employer**
Ford Memorial Temple, 4031 Germantown Ave, Philadelphia, PA 19140

| 26. Date Pronounced Dead (Mo/Day/Yr) | 28. Name of Person Pronouncing Death |
|---|---|
| 07/19/2019 | *Sunil Ramaswamy* |

| 27. Time Pronounced Dead (24-hr) | 29. License Number | 30. Date Signed (Mo/Day/Yr) |
|---|---|---|
| 1217 | 25MA10595400 | 07/19/2019 |

| 31. Date of Death (Mo/Day/Yr) | 32. Time of Death (24-hr) | 33. Was Medical Examiner Contacted? | 34. Place of Death |
|---|---|---|---|
| 07/19/2019 | 1217 | No | Hospital- Inpatient |

**35a. Facility Name (if not institution, give street and number)**
Cooper Hospital/University Medical Center

| 35b. Municipality | 35c. County |
|---|---|
| Camden City | Camden |

**CAUSE OF DEATH:** 36a. PART I - IMMEDIATE CAUSE - final disease or condition resulting in death. Subsequently list conditions, if any, leading to the cause listed on Line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST.

| | Interval Between Onset and Death |
|---|---|
| Immediate Cause a. ▓▓▓▓▓▓▓▓▓▓ | Few days |
| Due to (or as a consequence of): b. ▓▓▓▓▓▓▓▓ | few days |
| Due to (or as a consequence of): c. | |
| Due to (or as a consequence of): d. | |

**36b.** PART II - Enter other significant conditions contributing to death but not resulting in underlying cause given in PART I.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| 37. Was an Autopsy Performed? |
|---|
| No |
| 38. Were Autopsy Findings Available to Complete Cause of Death? |
| Not Applicable |

| 39. Date of Injury (Mo/Day/Yr) | 40. Time of Injury (24-hr) | 41. Place of Injury (e.g. home, construction site, restaurant) | 42. Injury at work? |
|---|---|---|---|

| 43a. Location of Injury (Number and Street, Zip Code) | 43b. Municipality | 43c. County | 43d. State |
|---|---|---|---|

| 44. Describe How Injury Occurred | 45. If Transportation Injury: |
|---|---|

| 46. Manner of Death | 47. Did Decedent Have Diabetes? | 48. Did Tobacco Use Contribute to Death? | 49. If Female, Pregnancy State |
|---|---|---|---|
| Natural | Yes | Unknown | Not applicable |

| 50. Certifier Type | 51. Name, Address, and Zip Code of Certifier |
|---|---|
| Pronouncer and Certifier | Sunil Ramaswamy 1 COOPER PLAZA Dorrance 222, Camden, NJ 08103 |

| 52. Electronic Signature of Certifier | 53. License Number | 54. Date Certified (Mo/Day/Yr) |
|---|---|---|
| *Sunil Ramaswamy* | ▓▓▓▓▓▓▓▓▓▓ | 07/19/2019 |

| 55. Electronic Signature of Local Registrar | 56. District No. | 57. Date Received | Case ID Number |
|---|---|---|---|
| *Jazmin Rodriguez* | V0417 | 07/26/2019 | 2106158 |

☐ Record Contains Amendment

DATE ISSUED:  **August 05, 2019**

**ISSUED BY:**
*Camden City, CITY HALL ROOM 103*

*Kelly Negron, Alternate Deputy Registrar*

This is to certify that the above is correctly copied
from a record on file in my office.
*Certified copy not valid unless the raised Great
Seal of the State of New Jersey or the seal of the
issuing municipality or county, is affixed hereon.*

REG-42B
JUN 14

Vincent T. Arrisi
State Registrar
Office of Vital Statistics and Registry

THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES TO DETER FRAUD; VOID IF ALTERED

THIS DOCUMENT CONTAINS A UNIQUE STATE OF NJ WATERMARK HOLD AT LIGHT TO VERIFY

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PRIMERICA LIFE INSURANCE COMPANY     *
    *
       Plaintiff,                          *
    *
DOLORES FORD COLEMAN,            *
    *
       Defendant, et al.             *     No. 19-5546

## CERTIFICATE OF SERVICE

I, Seth P. Maltzman, Esquire, hereby certify that on the date stated below served the following parties the foregoing Answer with Affirmative Defenses by First Class Mail, postage prepaid:

Sean P. Mahoney, Esquire
White & Williams, LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103

Respectfully submitted,

_____
Seth P. Maltzman, Esquire

Dated: 1 | 13 | 2020